# SETTLEMENT AGREEMENT

This Settlement Agreement is made by and among, (i) QI ZHANG (hereinafter "Plaintiff") (ii) PUR PAC INC and AH WEI, and EVA HUI YAN MA a/k/a Eva Ma a/k/a Eva Hui Ma a/k/a Eva Hui a/k/a Eva Hui Y Ma (hereinafter, "Defendants"), (Plaintiff and Defendants, collectively, "the Parties"); and

**WHEREAS**, Plaintiff claims he was employed by Defendants for certain time periods and Defendants admit Plaintiff was employed by Pur Pac Inc.; and

**WHEREAS**, on June 29, 2017, QI ZHANG, through his attorneys, Troy Law, PLLC, filed a Complaint against Defendants in the United States District Court for the Eastern District of New York (the "Court") alleging claims under the Fair Labor Standards Act ("FLSA) and the New York Labor Law (the "NYLL"), 17-cv-03903 (the "Complaint"); and

**WHEREAS**, Defendants deny all claims in Plaintiff's Complaint;

**WHEREAS**, the Parties have determined it to be in their mutual interest to settle the Action and all matters between them; and

**WHEREAS**, the Parties desire to have no further obligation to each other, except as specifically provided herein; and

**WHEREAS**, Plaintiff has, throughout the negotiation and execution of this Agreement, been represented by his counsel, John Troy, Esq., Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355, Tel: 718 762 1324; and

**WHEREAS**, Defendants have, throughout the negotiation and execution of this Agreement, been represented by their counsel, Carolyn Shields, Esq., LIU & SHIELDS LLP, 41-60 Main Street, Suite 208A, Tel: 718-463-1868, Email: shieldscj524@gmail.com and

**WHEREAS**, Plaintiff's Attorney and Defendants' Attorney have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses; and

**WHEREAS**, Plaintiff and Defendants have reached a settlement acceptable to the Parties which constitutes a reasonable compromise of Plaintiff's claims and Defendants' defenses (the "Agreement"); and

**WHEREAS**, Plaintiff acknowledges that he has entered into this Agreement freely and voluntarily, without threats or coercion of any kind by anyone; and

**WHEREAS**, Plaintiff acknowledges that he understands the meaning and effect of the execution of this Agreement.

**THEREFORE**, for good and valuable consideration, the sufficiency of which is acknowledged hereby, and in consideration of the mutual covenants and undertakings set forth herein, the Parties agree as follows:

1. **Settlement Amount**

In exchange for and in consideration of the covenants and promises contained herein, including Plaintiff's specific release of all claims alleged in the Complaint against Defendants

and the Releasees (as defined herein) as set forth in Paragraph 2 below, Defendants will provide Plaintiff with a settlement in the amount of Seven Thousand Five Hundred Dollars ($7,500.00).

The out-of-pocket expenses, which are necessary and incidental to the representation of Plaintiff, are documented to the amount of Nine Hundred Thirty Dollars And Fifty Cents ($930.50). The Net Recovery Amount after the Total Settlement Amount has been reduced by out-of-pocket expenses is Six Thousand Five Hundred Sixty-Nine Dollars And Fifty Cents ($6,569.50).

Of the Net Settlement Amount, One Third (1/3), or Two Thousand One Hundred Eighty-Nine Dollars And Eighty-Three Cents($2,189.83), is due to Plaintiff's attorneys, Troy Law, PLLC, in addition to out-of-pocket expenses of Nine Hundred Thirty Dollars And Fifty Cents ($930.50) for a total of Three Thousand One Hundred Twenty Dollars And Thirty-Three Cents ($3,120.33). Of the Net Settlement Amount, Two Thirds (2/3), or Four Thousand Three Hundred Seventy-Nine Dollars And Sixty-Seven Cents($4,379.67) is due to Plaintiff. In this calculation, Troy Law, PLLC has shouldered one third (1/3) of all out-of-pocket expenses.

**2. Settlement Payment Schedule**

The Settlement shall be payable on a schedule as set forth as follows:

i) Installment 1 of 1: Seven Thousand Five Hundred Dollars ($7,500.00) shall be mailed or hand delivered to Troy Law, PLLC, 41-25 Kissena Blvd, Suite 119, Flushing, NY 11355 within seven (7) days after judicial approval of this settlement agreement and consist of three (3) checks:

> 01) A bank check made payable to "Troy Law, PLLC" in the amount of of Nine Hundred Thirty Dollars And Fifty Cents ($930.50) and memo noting "PUR PAC INC Settlement Pay 1 of 1" representing out-of-pocket costs expended on behalf of Plaintiff for the present action;
>
> 02) A bank check of Two Thousand One Hundred Eighty-Nine Dollars And Eighty-Three Cents ($2,189.83), made payable to "Troy Law, PLLC" and memo noting "PUR PAC INC Settlement Pay 1 of 1";
>
> 03) A bank check of Four Thousand Three Hundred Seventy-Nine Dollars And Sixty-Seven Cents ($4,379.67), made payable to "QI ZHANG" and memo noting "PUR PAC INC Settlement Pay 1 of 1";

**3. Missed/ Late Payment**

a) If the payment is received by Plaintiff's counsel seven (7) or more days after its due date or if the check is received on time but bounces or is unpresentable for payment, including being not signed or being made to the incorrect payee, Defendant agrees to pay a late charge of nine percent (9%) of that Settlement Payment in addition to whatever service

   charges that are incurred as a result of the bounced check and this charge will be paid with the new payment.
   b) Defendants agree to pay both Defendants' Counsel and Plaintiff's counsel for reasonable time spent conferring with each other, bank, and Defendants as a result of any late or non-depositable payment. This fee will be due alongside the late or non-depositable payment.
   c) In addition, if payment is received more than thirty (30) days after the due date of the check, Defendant agrees to pay an additional interest charge accrued at a simple interest of nine percent (9%) per year.

4. **Attorneys' Fees in the Event of Default**

   a) In the event of a breach of the agreement by Defendants for defaulting on the payment of the settlement amount, Defendant shall be responsible for Plaintiff's attorneys' fees and costs and disbursements of judgment lien enforcement proceedings

5. **Stipulation Not To Sell without Advance Notice**

   a) Defendants' sale of their business shall result in the accelerated payment of the entire Settlement sum.
   b) Further, Defendants agree not to sell the business without giving Plaintiffs three months advance notice and further agree to hold any sale proceeds in escrow in the full amount of settlement sum still due to Plaintiffs.
   c) Should the proceeds be less than full settlement sum, the entirety of the proceeds shall be held in escrow for Plaintiffs.

6. **Acceleration of Settlement Sum Upon Default**

   a) In the event Defendants breach this Settlement agreement by failing to make timely payment, such breach shall result in accelerated payment of the entire Settlement sum.

7. **Tax**

   a) Each payer of a payment under this Agreement and each recipient of a payment under this Agreement will be responsible for all taxes that he/she is legally responsible to pay as a result of this Agreement.

8. **Mutual Release**

In exchange for and in consideration of the covenants and promises contained herein, Plaintiff, individually and on behalf of his children, spouse, agents, heirs, executors, administrators, beneficiaries, trustees and legal representatives, hereby waive, discharge, and release (i) AH WEI, in his individual and corporate capacities, and his heirs, executors, administrators, attorneys, successors and assigns; (ii) EVA HUI YAN MA a/k/a Eva Ma a/k/a Eva Hui Ma a/k/a Eva Hui a/k/a Eva Hui Y Ma, in her individual and corporate capacities, and her heirs, executors, administrators, attorneys, successors and assigns; and (iii) PUR PAC INC and its current and former parents, subsidiaries, divisions, branches, and assigns and affiliated and related companies or entities, and its predecessors, successors, insurers, employee benefit plans, and

present and former directors, officers, partners, shareholders, fiduciaries, representatives, agents, attorneys and employees; from any claims alleged in the Complaint **ONLY**, including compensatory damages, liquidated damages, punitive damages, penalties, and prejudgment interest pertaining to Plaintiff's employment with Defendants as specified in the Complaint. This release does not include a release of any rights Plaintiff may have under this Agreement.

Defendants unconditionally and irrevocably give up and release, to the fullest extent permitted by law, Plaintiff, Plaintiff's heirs, agents, and successors, jointly and severally, of and any and all actions, charges, complaints, controversies, demands, cause of action, suits and/or claims, that Defendants have or may have against Plaintiff as of the date the Agreement is signed on behalf of Defendants.

### 9. Discontinuance of Claims

Plaintiff acknowledges and agrees that he is not presently aware of any legal proceeding other than the Action pending between Plaintiff and/or his representatives and Defendants or the Releasees. Plaintiff agrees to dismiss and withdraw Consolidated Action by executing the Stipulation of Voluntary Discontinuance with Prejudice in the form annexed hereto as Exhibit A ("Stipulation"), which Stipulation Plaintiff's attorneys shall file by ECF to be So-Ordered by the Court. Plaintiff shall further agree to refrain from refiling any and all claims against Defendants and the Releasees any and all claims asserted in the Complaint.

### 10. Denial of Wrongdoing

Nothing contained in this Agreement, nor the fact that Plaintiff has been paid any remunerations under it, shall be construed, considered, or deemed to be an admission of liability or wrongdoing by Defendants or Releasees. Defendants deny any liability, committing any wrongdoing or violating any legal duty with respect to Plaintiff, including with respect to Plaintiff's employment, including Plaintiff's pay while in Defendants' employ. The terms of this Agreement, including all facts, circumstances, statements and documents, shall not be admissible or submitted as evidence in any litigation, in any forum, for any purpose, other than to secure enforcement of the terms and conditions of this Agreement, or as may otherwise be required by law.

### 11. Choice of Law and Forum

This Agreement shall at all times be construed and governed by the laws of the State of New York, regardless of conflicts of laws principles. Any dispute, claim or cause of action arising out of, or relating to, Plaintiff's employment with Defendants or this Agreement shall be resolved in the United States District Court for the Eastern District of New York, with the prevailing party being awarded reasonable attorneys' fees as well as reimbursement of the filing fees.

### 12. Entire Agreement

The Parties acknowledge and agree that this Agreement reflects the entire agreement between the Parties regarding the subject matter herein and fully supersedes any and all prior agreements and understanding between the Parties hereto. There is no other agreement except as stated herein. Plaintiff acknowledges that Defendants have made no promises to them other than those contained in this Agreement.

### 13. Modification

This Agreement may not be changed unless the change is in writing and signed by the Parties.

### 14. General Provisions

The failure of any party to this Agreement to insist on strict adherence of any term hereof on any occasion shall not be considered a waiver or deprive that party of the right thereafter to insist upon strict adherence to that term or any other term hereof. The invalidity of any provision of this Agreement shall not affect the validity of any other provision hereof. This Agreement has been drafted and reviewed jointly by counsel for the Parties and no presumption or construction as to the drafting of this Agreement shall be applied against or in favor of any party.

### 15. Legal Counsel

Plaintiff is hereby advised of his right to consult with an attorney before signing this Agreement. Plaintiff hereby acknowledges that he is fully and fairly represented by Troy Law, PLLC, in connection with the review, negotiation and signing of this Agreement.

### 16. Execution

The Parties agree that this Agreement may be executed in counterparts, and that signatures transmitted electronically shall bear the same weight as original signatures.

**PLAINTIFF ACKNOWLEDGES THAT HE HAS CAREFULLY READ THIS AGREEMENT, UNDERSTANDS IT, AND IS VOLUNTARILY ENTERING INTO IT BY HIS OWN FREE WILL, WITHOUT DURESS OR COERCION, AFTER DUE CONSIDERATION OF ITS TERMS AND CONDITIONS.**

**PLAINTIFF**

QI ZHANG

*/s/ Qi Zhang*

Dated:

**DEFENDANTS**

AH WEI

_____
Dated: 7/25/2018

EVA HUI YAN MA a/k/a Eva Ma a/k/a Eva Hui Ma a/k/a Eva Hui a/k/a Eva Hui Y Ma

_____
Dated: 7/25/2018

PUR PAC INC

_____EVA HUI YAN MA
Title: President
Dated: 7/25/2018

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
ZHANG *et al.*

                                Plaintiff,      Case No.17-cv-03903

        v.                                     **STIPULATION AND ORDER OF**
PUR PAC INC *et al.*                             **DISMISSAL WITH PREJUDICE**

                                Defendants.
-----------------------------------------------------------x

IT IS HEREBY STIPULATED AND AGREED, by and between the undersigned counsel for Plaintiff and Defendants in the above captioned action, that, in accordance with Rule 41 of the Federal Rules of Civil Procedure, the action be dismissed, with prejudice and without costs or attorneys' fees to any party, as to Plaintiffs or Defendants. This Court retains jurisdiction to enforce the Settlement Agreement and the Release of this action.

| | |
|---|---|
| TROY LAW, PLLC<br>*Attorneys for the Plaintiff* | LIU & SHIELDS LLP<br>*Attorneys for Defendants* |
| By: /s/ John Troy<br>John Troy (JT 0481)<br>41-25 Kissena Blvd., Suite 119<br>Flushing, NY 11355<br>Tel: 718 762 1324 | *s/ Carolyn Shields*<br>Carolyn Shields<br>41-60 Main Street, Suite 208A<br>Flushing, NY 11355<br>Tel: 718-463-1868 |

SO ORDERED.

_____